# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 19-00055-05-CR-W-SRB |
| JOHN D. BROOKS, JR., (05), | |
| Defendant. | |

## UNITED STATES' SENTENCING MEMORANDUM

### I. INTRODUCTION

Sentencing in this case is set for Thursday, July 23, 2020. Based on the Presentence Investigation Report (PSR), the responses therein, and the 18 U.S.C. § 3553(a) factors, the United States recommends this Court exercise its discretion by imposing a reasonable incarceration sentence as recommended in the PSR, to be followed by a four-year term of supervised release. Additionally, the United States requests the Court order immediate payment of the $100 Mandatory Special Assessment (MSA).

In the interest of judicial economy, the United States does not re-state the facts of the case here. However, the United States respectfully directs the Court to the PSR, including the objections and responses thereto, for a very thorough and accurate rendition of the facts of the case and the defendant's role therein. Finally, the United States will rely on any facts, evidence or argument adduced at sentencing in support for its recommendation herein.

## II. UNITED STATES' SENTENCING RECOMMENDATIONS

The Court is required to consider the nature and circumstances of the offense of conviction, the history and characteristics of the defendant as well as the advisory Guidelines Range - which call for a sentence of imprisonment. 18 U.S.C. §§ 3553(a)(1), (3) and (4). The Court is also required to consider, among other things, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). Lastly, the Court is to consider the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). All of these factors indicate the need for a sentence of imprisonment and furthermore, the need to impose a sentence within the recommended range contained in the PSR.

A. Sentencing Considerations under 18 U.S.C. § 3553(a)

**1. The History and Characteristics of the Defendant**

The Court is required to consider the defendant's history and characteristics prior to imposing sentence. 18 U.S.C. § 3553(a)(1). A review of the defendant's prior criminal history reveals one prior felony conviction for robbery in the second degree, for which he received a sentence of 5 years in custody, pursuant to Mo. Rev. Stat. § 559.115, 120-day shock incarceration program, followed by 5 years' probation. (PSR ¶ 50.) In addition, the defendant has been convicted of nine various misdemeanor and ordinance violations, for which the longest sentence the defendant received appears to be 6 months' jail, suspended, and 2 years' probation. (PSR ¶¶ 45-49 and 51, 52.) The defendant has a criminal history score of 3, which corresponds to a criminal history category of II. (PSR ¶¶ 53, 54.)

The previous sentences, which have included shock incarceration, suspended execution of sentence and probation, clearly had no effect in deterring the defendant from committing the instant offense.

## 2. The Need to Protect the Public from Further Crimes by the Defendant

The Court is required to consider whether a particular sentence is necessary to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2)(C). The defendant's previous arrests, convictions and sentences did not deter him from committing this most recent crime. Imposition of a Guidelines sentence is the clearest path toward protecting the public from future criminal conduct of the defendant.

## 3. The Need to Afford Adequate Deterrence to Criminal Conduct and Avoid Unwarranted Sentencing Disparity

In determining the particular sentence to be imposed, the Court is required to consider the need to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). The defendant's conduct in this matter, coupled with his past criminal activity, calls for imposition of a Guidelines-range sentence to provide a clear message to others to avoid criminal conduct.

As the Guidelines are designed to treat like-defendants similarly, a sentence of imprisonment in line with the PSR recommendations will likewise be the clearest path to avoiding sentence disparity. Though advisory, the majority of defendants are in fact sentenced within the Guidelines, as recommended in their individual cases.

## 4. The Nature and Circumstances of the Offense

The Court is required to consider the nature and circumstances of the offense of conviction, as well as the type of sentence called for by the advisory Guidelines, 18 U.S.C. §§ 3553(a)(1), (3) and (4). The Court is also required to consider the need for a sentence to reflect the seriousness of

the offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A).

On February 18, 2020, the defendant appeared before this Court and pled guilty, by plea agreement, to conspiracy to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and some amount of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. As previously indicated, the PSR, the written plea agreement and this Court's factual findings fully set out the nature and circumstances of the offense and therefore, in the interest of brevity, the United States does not repeat it here.

The seriousness of the offense is reflected in both the statutory minimum (5 years) and maximum (40 years) term of imprisonment and the advisory Guidelines sentencing range of 121 to 151 months' incarceration, as determined by the PSR. (PSR ¶ 85.) As noted in the PSR, the defendant was responsible for 1,013.01 kilograms of converted drug weight, comprised of a combination of heroin, methamphetamine and marijuana. (PSR ¶¶ 27, 32.) Further, firearms were recovered during a search of the defendant's residence. (PSR ¶¶ 6, 33.) A sentence should reflect the seriousness of this situation created by this defendant and provide just punishment for the offense involved.

### 5. Balancing of All § 3553(a) Factors – Recommended Sentence

On balance, after weighing the relevant § 3553(a) factors, the PSR, and any evidence, facts or arguments adduced at the sentencing hearing, the United States recommends that the Court impose a sentence of 151 months' incarceration, followed by a term of 4 years' supervised release. This recommendation falls within the recommended Guideline range as determined by the PSR.

### B. Recommended Sentence for Monetary Penalties

#### 1. Special Assessment

The required $100 MSA should be imposed.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, the United States respectfully requests that the Court impose sentence in accordance with the recommendations made herein.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By: */s/Bradley K. Kavanaugh*

Bradley K. Kavanaugh
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on July 9, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/Bradley K. Kavanaugh*
Bradley K. Kavanaugh
Assistant United States Attorney